NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOHN JOSEPH MURPHY, *Appellant.*

No. 1 CA-CR 14-0273
FILED 10-01-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-447130-001
The Honorable Christine E. Mulleneaux, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Cory Engle
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Chief Judge Michael J. Brown joined.

---

**C A T T A N I**, Judge:

¶1            John Joseph Murphy appeals from his convictions of aggravated assault and disorderly conduct and the resulting sentences. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2            Murphy and the victim had been neighbors in Mesa. In early 2013, the victim moved into a trailer with her boyfriend approximately a block away. Murphy continued to visit the victim daily or weekly after the move.

¶3            In late September 2013, the victim temporarily ran out of funds for food and electricity, and Murphy offered to help by selling a coin collection and lending the victim money. Murphy returned to the victim's house the next day. Over the course of two hours, Murphy drank more than half of a large bottle of whiskey, then became angry when the victim and her boyfriend teased him about a rumor that he had called the police on another neighbor. Agitated, Murphy said that he needed to kill the neighbors who were accusing him or, failing that, he might as well kill himself. Murphy threw a "wad of money" at the victim's boyfriend and left the trailer.

¶4            The victim left the trailer for a while, and when she returned, Murphy had returned with a gun. The victim eventually went into the trailer and stood across the room from Murphy, near her boyfriend. She saw Murphy loading a bullet into the gun, waving the gun back and forth, and pointing the gun briefly at her chest.

¶5            After the victim's boyfriend left the trailer, she told Murphy to get out, and then she went into the backyard to call 9-1-1. While the victim was on the phone, Murphy left the trailer and walked back toward his neighbor's house. Maricopa County Sheriff's deputies found Murphy standing outside the house with a pistol pointed at a porch window. Murphy was arrested at the scene.

¶6        A jury found Murphy guilty of aggravated assault and disorderly conduct, both dangerous offenses, and Murphy timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 13-4033.[1]

## DISCUSSION

¶7        Murphy argues the superior court erred by allowing testimony suggesting that he suffered from an unspecified mental illness. During trial, mental illness was overtly or obliquely mentioned on three occasions.   First, the victim testified, without objection, that although Murphy was very friendly and open-hearted, he was "not stable per se as far as the top educated person" and was "very e[c]centric."   Second, the victim described her motive for calling 9-1-1 as that she "would want [Murphy] to be evaluated for mental illness. . . .   That he needed to be evaluated for mental illness and to be medicated if necessary so these situations wouldn't happen any further."   Defense counsel objected to this testimony as "[e]xtremely prejudicial and irrelevant," but the court overruled the objection.   Finally, a sheriff's deputy testified, without objection, that many of the people living in the community where Murphy lived had methamphetamine, alcohol, and "psychological problems that haven't been addressed properly."

¶8        We review evidentiary rulings for an abuse of discretion, deferring to the superior court's assessment of relevance and unfair prejudice.  *State v. Smith*, 215 Ariz. 221, 232, ¶ 48, 159 P.3d 531, 542 (2007). Absent a timely objection at trial, however, we review only for fundamental, prejudicial error.  *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20, 115 P.3d 601, 607 (2005).

¶9        Murphy asserts that the victim's and the deputy's statements regarding mental illness were irrelevant to the facts at issue, were unfairly prejudicial, and improperly suggested that an unspecified mental illness equated to violence.  But the victim's statements described her motives for calling the police, and Murphy's defense put the victim's motives directly at issue.  Beginning in opening statements, defense counsel suggested that Murphy had never pointed a gun at the victim, but rather that the victim had called the police to have Murphy arrested so she could steal his money, characterizing the victim's financial difficulties as her motive to falsely report an aggravated assault.  In closing, defense counsel again asserted

---

[1]        Absent material revisions after the relevant date, we cite a statute's current version.

that Murphy had not committed a crime, but that the victim had a motive to fabricate her story because she wanted Murphy's money and valuables.

¶10        The victim's explanation that she had called 9-1-1 because she thought Murphy "needed to be evaluated for mental illness and to be medicated if necessary so these situations wouldn't happen any further" was thus directly relevant to rebut Murphy's defense. *See* Ariz. R. Evid. 401 (defining relevant evidence as that which "has any tendency to make a [material] fact more or less probable"). Because this testimony rebutted the cornerstone of his defense, it potentially carried substantial probative value, whereas the danger of unfair prejudice was comparatively slight. *See* Ariz. R. Evid. 403 (stating that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice). Moreover, even as character evidence, the testimony served a valid, non-propensity purpose because it was relevant to the victim's motive. *See* Ariz. R. Evid. 404(a)–(b). Accordingly, the superior court did not err by allowing this testimony.

¶11        Because Murphy did not object to the victim's other comment or to the deputy's description of the neighborhood, we review these statements only for fundamental, prejudicial error. *See Henderson*, 210 Ariz. at 567, ¶¶ 19–20, 115 P.3d at 607. The victim's initial characterization of Murphy as very friendly and open-hearted, but "not stable per se as far as the top educated person" and "very e[c]centric" arguably does not implicate mental illness at all, and to the extent it does, the characterization was permissible as relevant to the victim's motives as described above. And the deputy's testimony was not directed at Murphy individually, but rather stated his perception of general characteristics of the neighborhood. Under the circumstances, Murphy has not shown error, much less reversible error.

## CONCLUSION

¶12     For the foregoing reasons, we affirm.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama